**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Gregory Alan Gaylor

    v.                                                    Civil No. 05-cv-414-PB

United States Department of Justice

**O R D E R**

Gregory Gaylor has filed a complaint seeking the release of information and documents from the United States Department of Justice ("DOJ"), pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., and the Privacy Act, 5 U.S.C. § 552a, et seq.  Because Gaylor is a prisoner proceeding pro se and *in forma pauperis*, the matter is before me for preliminary review to determine whether or not Gaylor has stated any claim upon which relief might be granted.  Because I determine that he has, I direct that the complaint be served on the defendant.

Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action *pro se* and *in forma pauperis*, the magistrate judge is directed to conduct a preliminary review and to either direct service of the complaint against one or more of

the defendants, or to prepare a report and recommendation advising the district judge that the complaint or some portion thereof should be dismissed because:

> (i) the allegation of poverty is untrue, the action is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief under 28 U.S.C. § 1915A(b); or
>
> (ii) it fails to establish subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(2)(A)-(C). In conducting the preliminary review, the Court construes *pro se* pleadings liberally. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe *pro se* pleadings liberally in favor of the *pro se* party). "The policy behind affording *pro se* plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard

of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). Application of this standard ensures that *pro se* pleadings are given fair and meaningful consideration.  See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

## Background

In 2001, Gregory Gaylor requested, pursuant to FOIA and the Privacy Act, that the DOJ release all information and documents in their possession concerning Gaylor. FOIA allows the federal government twenty days to respond to such a request. In the five years since Gaylor made his request, however, the DOJ has entirely failed to comply with or even properly respond to Gaylor's 2001 request.

In January of 2005, Gaylor appealed to the DOJ's Office of Information and Privacy ("OIJ") the DOJ's failure to respond to his request for records. In February of 2005, Gaylor received a letter from Richard L. Huff, the co-director of the OIJ.[1] Although Gaylor describes the letter as an apology, Huff did not apologize for the four year delay in providing any response or documents, but rather advised Gaylor that the DOJ's criminal

---

[1] Gaylor has attached Huff's letter to his complaint.

division was "still processing" his request.  Huff went on to explain that Gaylor had the option to wait until the criminal division finishes processing his request and re-appeal if any of the desired documents are actually denied to him, or to treat Huff's letter as a denial, in which case, Gaylor may then bring an action in federal court.  Huff's letter also expressed hope that Gaylor "in making a decision ... will give sympathetic consideration to the fact that the Department of Justice has many requests pending at this time and is making every possible, reasonable effort to process them."

## Discussion

1. FOIA Claim

"FOIA requires government agencies to 'make ... promptly available' to any person, upon request, whatever 'records' the agency possesses unless those 'records' fall within any of nine listed exemptions.  5 U.S.C. § 552(a)(3)."  Church of Scientology Int'l v. Dep't of Justice, 30 F.3d 224, 228 (1st Cir. 1994); Dep't of Interior & Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 7 (2001) ("Upon request, FOIA mandates disclosure of records held by a federal agency").  Once a proper request is made the Agency is required to determine,

within twenty working days of receiving the request, whether to comply with the request.  5 U.S.C. § 552(a)(6)(A)(i).  The agency need not fulfill the request within twenty days, but must "notify the requester of its decision whether and how it will comply, its reasons for that decision, and the requester's right to appeal any adverse determination to the agency head."  Pollack v. Dep't of Justice, 49 F.3d 115, 118 (4th Cir.), cert. denied, 516 U.S. 843 (1995).  Although a person requesting documents must ordinarily exhaust administrative remedies before seeking a review of the agency's denial in the federal court, the agency's failure to respond to the initial request within the statutory 20-day time limit may constitute "constructive exhaustion."  Id., see 5 U.S.C. § 552(a)(6)(C).  A person who has constructively exhausted his administrative remedies may proceed in the federal court.

Under FOIA, requested records must be provided within the time limits set under the statute, if they are properly requested under the statute.  To make a proper request, a requester must submit a request which (A) reasonably describes such records and (B) is made in accordance with published procedural rules or requesting records.  5 U.S.C. § 552(a)(3).  Here, Gaylor alleges

that his request was for all records pertaining to himself, which appears to be a reasonable description of the records sought. Further, the fact that Huff's letter concedes that the request is being processed indicates that Gaylor likely complied with the procedural requirements for making a request. Accordingly, I find for purposes of preliminary review that Gaylor has made a proper FOIA request which has not been adequately complied with and that this claim may proceed against the United States.

2.  <u>Privacy Act Claim</u>

The Privacy Act requires federal agencies to, upon request, grant individuals access to records pertaining to themselves within ten days of such a request. 5 U.S.C. § 552a(d)(1). When any agency refuses access to certain records or fails to provide access to records within the time frame prescribed by statute, the individual may bring an action in federal court. 5 U.S.C. § 552a(g)(1). Exhaustion of administrative remedies is required under the privacy act. 5 U.S.C. § 552a(a)(6)(C). As stated earlier, Gaylor has made a proper request for access to records pertaining to himself. Huff's letter to Gaylor indicates that Gaylor has exhausted his administrative appeal to the DOJ. Accordingly, I will allow the Privacy Act claim to proceed.

Conclusion

Without further comment on the merits of the complaint, I order that the complaint be served upon defendant. The Clerk's office is directed to issue the necessary summons form and forward to (i) the United States Attorney for the District of New Hampshire, (ii) the Attorney General of the United States, and (iii) United States Department of Justice, by certified mail, return receipt requested, the summons and copies of the Complaint (document no. 1) and this Order. See Fed. R. Civ. P. 4(c)(2) and 4(i).

Defendant is instructed to answer or otherwise plead within thirty days of service. See 5 U.S.C. § 552(a)(4)(C).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendant by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:    March 14, 2006

cc:      Gregory Alan Gaylor, *pro se*