UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Gregory Alan Gaylor</u>

    **v.**                            Case No.  05-cv-414-PB

<u>U.S. Department of Justice</u>


**O R D E R**

Gregory Gaylor has filed a complaint asserting claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 <u>et seq.</u> and the Privacy Act of 1974, 5 U.S.C. § 552a <u>et seq.</u>  The government has moved to dismiss for lack of proper venue.

The applicable venue statutes provide in pertinent part for venue "in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia. . . ."  5 U.S.C. § 552(a)(4)(B); 5 U.S.C. § 552a(g)(5).  Gaylor claims that he is a resident of Texas[1] but argues that venue is proper in this

---

    [1] Although Gaylor is incarcerated in New Hampshire, he does not contest the government's assertion that his incarceration in this state does not make him a New Hampshire resident.  Nor does he challenge the government's contention that the records he

district because New Hampshire is his principal place of business.  To support this argument, Gaylor claims that he is "the general partner of Tejas Timber Resources Joint Venture, a foreign joint venture registered with the New Hampshire Secretary of State."  Pl.'s Obj. ¶ 1.  The government replies by arguing that Gaylor has produced no evidence to demonstrate that Tejas Timber Resources has its principal place of business in this state.  The absence of such evidence is particularly glaring, the government argues, because Tejas Timber Resources is a foreign partnership that has not been in good standing in New Hampshire since 2004.  I find the government's argument persuasive.  Accordingly, I lack venue to consider Gaylor's complaint.

    Gaylor asks me to transfer his action to the Northern District of Texas as an alternative to dismissal.  The government argues that a transfer is unwarranted because it has already responded to Gaylor's FOIA request.  Gaylor, however, remains dissatisfied with the government's response.  Thus, I am unwilling to dismiss the case simply because Gaylor brought it in the wrong district.  28 U.S.C. § 1406 provides in pertinent part

---

seeks are located in another district.

that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The District Court for the District of Columbia has special expertise in FOIA matters. <u>In re Scott</u>, 709 F.2d 717, 720 (D.C. Cir. 1983) (citing legislative history recognizing that District of Columbia courts have special expertise in FOIA matters). Thus, it would be more efficient to transfer the case to the District of Columbia rather than the Northern District of Texas.

The motion to dismiss (Doc. No. 9) is denied. The case shall be transferred to the District of Columbia.

SO ORDERED.

<u>/s/Paul Barbadoro</u><br>
Paul Barbadoro<br>
United States District Judge

June 14, 2006

cc: Gregory Alan Gaylor, pro se
    Gretchen Leah Witt, Esq.